**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

*In re:*

HELLENIC PETROLEUM, LLC                    CASE NO.: 21-12317-EPK

_____Alleged Debtor._____ /        Chapter 7 (Involuntary)

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**AS TO FRESNO ADVERSARY PROCEEDING**

## I.    INTRODUCTION

Movants Sallyport Commercial Finance, LLC ("Sallyport") and DRO Barite LLC ("DRO Barite," and together with Sallyport, the "Movants") seek to terminate and annul the automatic stay under Bankruptcy Code section 362(d)(1), as to the alleged debtor and its bankruptcy estate. Movants seek authority to proceed to final judgment (including any appeals) in an adversary proceeding before the U.S. Bankruptcy Court for the Eastern District of California, Fresno Division. The litigation is styled as *Kodiak Mining & Minerals II, LLC, et al., v. Manfredo*, Adversary Proceeding, Case No. 2017-01086 (the "Fresno Adversary Proceeding"). Alleged Debtor, Hellenic Petroleum LLC ("Hellenic" or the "Alleged Debtor") is one of several plaintiffs and counterclaim defendants in the litigation. The litigation has an over three-year procedural history. Multiple motions have been directed to the pleadings, and the Fresno bankruptcy court has resolved cross-motions for summary judgment in the case. A pretrial conference is set for April 22, 2021, with trial expected to proceed in August 2021. Judicial economy and the risk of undue delay and prejudice to Movants justify the litigation's resolution in the forum where it lies. Movants seek relief to annul the stay due to the occurrence of a pretrial conference and the entry



of a pretrial scheduling order after the petition date herein. Both events occurred before Movants had knowledge of this involuntary case.

Movants request that the Court's Order lifting the stay be binding and effective despite conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code. Movants also request that the 14-day stay prescribed by Federal Rules of Bankruptcy Procedure 4001(a)(3) be waived, given the impending pretrial deadlines in the Fresno Adversary Proceeding.

## II.    STATEMENT OF FACTS

Alleged Debtor, Hellenic, initiated the Fresno Adversary Proceeding in November 2017 against Movants in connection with the Chapter 11 bankruptcy case of Don Rose Oil Co., Inc. ("Don Rose Oil"). As described more fully below, Movants are jointly defending Hellenic's sole remaining claim for declaratory relief in the litigation and, in turn, Movant Sallyport is prosecuting counterclaims against Hellenic for declaratory relief and damages. Sallyport's counterclaims are also stated against Hellenic's principal, Panagiotis Kechagias ("Kechagias"), and his companies, Kodiak Mining & Minerals II LLC ("Kodiak") and Consolidated Resources, Inc. ("Consolidated Resources"). [Request for Judicial Notice, accompanying this Motion ("RJN"), at Exhs. "4" (Hellenic's current operative complaint); "6" (Sallyport's counterclaims) and "7" (Trustee's counterclaims).]

### A.    The Alleged Debtor's Claim for Declaratory Relief

Kechagias' entities initially raised five claims for relief in the Fresno Adversary Proceeding. Of those, the only remaining claim for relief is Hellenic's Count V for Declaratory Relief.  In that claim, Hellenic seeks a determination of its alleged priority right to $3 million in proceeds of any sale of alleged barite mining claims in San Bernardino County, California.

2



Sallyport is named defendant under Hellenic's remaining Count V in Sallyport's role as priority lienholder against the alleged barite mining claims. Movant DRO Barite is named in Hellenic's remaining Count V as the owner of the alleged barite mining claims. [RJN, Exh. "4" (Second Amended Complaint, at ¶¶ 135-165).]

With the declaratory relief claim, Hellenic seeks a determination of its alleged $3 million junior interest in the alleged barite mining claims based on a February 2017 Settlement Agreement that it entered with Don Rose Oil, among others. In the February 2017 Settlement Agreement, the signatories agreed to execute "a separate notarized agreement granting to Hellenic Petroleum, or to a separate third party that Hellenic Petroleum may assign, an interest-free $3 million junior interest in the locatable minerals/mining claims . . . ." [RJN, Exh. "9" (February 2017 Settlement Agreement is exhibit "C" to the Declaration of Panagiotis Kechagias).]

At the time of the February 2017 Settlement Agreement, title to the barite mining claims was held by DRO Barite, not Don Rose Oil, and DRO Barite was not a signatory to the February 2017 Settlement Agreement. For an unknown reason, no separate notarized agreement was executed or recorded between Don Rose Oil or DRO Barite and Hellenic. [RJN, Exh. "10" (order granting partial summary judgment on the issue).] As a result, Hellenic never received a notarized writing giving it an interest in the barite, and it holds no recorded interest in any barite mining claims from either Don Rose Oil or DRO Barite.

### B. Movant Sallyport's Counterclaims against the Alleged Debtor

Hellenic's litigation triggered several counterclaims, which Sallyport is now prosecuting. A central focus of Sallyport's counterclaims is the conduct of Hellenic, its principal, Kechagias, and their instrumentalities, including Kodiak, in violating a February 2017 Intercreditor



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

Agreement entered between Sallyport and Hellenic at the time of the February 2017 Settlement Agreement, discussed above. [RJN, Exh. "13" (pretrial statement of Sallyport as counterclaimant, describing counterclaims against Hellenic).]

At around the time of the February 2017 Settlement Agreement, Sallyport instituted a factoring and financing facility for Don Rose Oil.  As a condition to its institution of the facility, Sallyport required Hellenic's entry into an intercreditor agreement.  In the resulting February 2017 Intercreditor Agreement, Hellenic agreed with Sallyport that Hellenic would refrain from enforcing various rights and remedies against Don Rose Oil until Don Rose Oil's obligations to Sallyport were paid in full (known as a "Standstill"). Hellenic understood that Sallyport would extend a financing facility to Don Rose Oil in reliance on Hellenic's covenants. In fact, the initial funding under Sallyport's facility would pay a $720,000 settlement amount to Hellenic under its February 2017 Settlement Agreement with Don Rose Oil. [RJN, Exh. "13" (pretrial statement of Sallyport as counterclaimant, describing counterclaims against Hellenic).]

After taking the $720,000, Kechagias, operating through Hellenic and other Kechagias-controlled entities, manipulated numerous breaches of the Intercreditor Agreement.  As just an example of this conduct, not four months after causing Hellenic to enter the February 2017 Intercreditor Agreement, Kechagias revived the previously defunct Kodiak, only to have it file an involuntary petition against Don Rose Oil in June 2017.  Kodiak stated under penalty of perjury in the involuntary petition that its claim against Don Rose Oil was based upon an unpaid $2 million promissory note.  Discovery in the Fresno Adversary Proceeding revealed that no promissory note from Don Rose Oil to Kodiak ever existed. Sallyport contends that the basis for the involuntary petition was a falsehood, and Sallyport has taken assignment of the Don Rose Oil bankruptcy estate's claim against Kodiak, Hellenic, and Kechagias for bad faith filing of the

4

involuntary petition against Don Rose Oil. [Declaration of Lori Eropkin, accompanying this Motion, at ¶¶ 10-16 (summarizing discovery enforcement order required to obtain Kodiak's straightforward admission that the note never existed).]

## III.    Relief Requested and Basis for Relief

Movants request that the Court terminate and annul the stay retroactively to the Alleged Debtor's involuntary petition date, under Bankruptcy Code section 362(d)(1), as to Hellenic and its bankruptcy estate, to allow Movants to proceed in the Fresno Adversary Proceeding to final judgment (including any appeals), including, without limitation, as to Sallyport's counterclaims against Hellenic arising from the above-described conduct (the "Counterclaims") and as stated more fully in those pleadings included as Exhibits "6" and "7" to the Request for Judicial Notice accompanying this Motion.[1]   DRO Barite is not prosecuting counterclaims against Hellenic but joins this Motion seeking a comfort order lifting any applicable stay to permit its defense of the Alleged Debtor's Count V for Declaratory Relief.  Movants jointly seek annulment of the stay due to the occurrence of a pretrial conference and the entry of a pretrial scheduling order in the Fresno Adversary Proceeding after the involuntary petition date. Movants did not know about the involuntary case at the time.  Movants agree that the automatic stay will remain in effect as to enforcement of any resulting judgment  against Hellenic and property of this bankruptcy estate, except that Movants will retain the right to file a proof of claim under Bankruptcy Code section 501.

---

[1]      Sallyport holds a portion of the Counterclaims as successor in interest to counterclaimant Randell Parker, as the Successor Chapter 7 Trustee of the Estate of Don Rose Oil (the "Trustee"). [See Request for Judicial Notice, accompanying this Motion, Exhibit 11.]



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

## A.  Legal Standard

The automatic stay of section 362 of the Bankruptcy Code precludes the continuation of an action or proceeding against the debtor commenced before the bankruptcy, as well as "any act to obtain possession of property of the estate."  11 U.S.C. § 362(a)(1), (3).  Pursuant to section 362(d)(1) of the Bankruptcy Code, the bankruptcy court may grant relief from the automatic stay by "terminating, annulling, modifying, or conditioning" the stay for "cause."  11 U.S.C. § 362(d)(1); *In re Tricare Rehabilitation Systs., Inc.*, 181 B.R. 569, 572 (N.D. Ala. 1994).  The term "cause" is not defined in section 362(d)(1) of the Bankruptcy Code.  Thus, "[w]hether cause exists to grant stay relief must be determined on a case by case basis, based upon the totality of the circumstances in each particular case."  *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006) (citing *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001)).

"'Cause' for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit . . . should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim upon which the lawsuit is premised."  *Tricare*, 181 B.R. at 573 n.7 (collecting cases); *see also In re SunCruz Casinos, LLC*, 377 B.R. 741, 749 (Bankr. S.D. Fla. 2007) (granting relief from stay to allow creditor to liquidate claim in district court against debtor and bring the matter back to the bankruptcy court for formal allowance or disallowance of claim).  Such litigation in an alternative forum may include an adversary proceeding pending before another bankruptcy court in a different jurisdiction.  *See, e.g., In re Shared Techs. Cellular, Inc.*, 281 B.R. 804, 809 (Bankr. D. Conn. 2002), *aff'd*, 293 B.R. 89 (D. Conn. 2003) (granting motion to modify the automatic stay to allow the movant to proceed to seek a judgment against the debtor for recovery of alleged preferential transfers in an adversary proceeding pending before another bankruptcy court).



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

"Courts have adopted a balancing test for determining whether to modify the automatic stay to permit a pending action to proceed in another forum. A court should balance the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties." *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001) (providing further that "a court can examine whether a creditor has a probability of success on the merits of his case"). In that balancing test, courts routinely consider a variety of factors, none of which is, by itself, determinative. *Tricare*, 181 B.R. at 573 n.8 (collecting cases). Such factors typically include, *inter alia*:

    a.  Whether the conduct of the defense will impose a financial burden on the debtor or the estate;

    b.  Whether judicial economy favors the continuation of the action in the tribunal in which it was commenced, to fix and liquidate the claim which then may be made against the debtor's estate, and to avoid a multiplicity of suits and proceedings involving the same subject matter;

    c.  Whether the . . . litigation has progressed to trial-readiness, with the likelihood that investment of resources in trial preparation would be wasted if trial were deferred;

    d.  Whether the issues presented are governed solely by state law, or should be adjudicated by a specialized tribunal with expertise in their subject matter;

    e.  Whether the litigation involves other parties over whom the bankruptcy court lacks jurisdiction, and whether full relief may be accorded to all such nondebtor parties without the debtor's presence in the lawsuit; and

    f.  Whether the creditor has a probably of success of the merits.

*See id*. (citing *In re Johnson*, 115 B.R. 634 (Bankr. D. Minn. 1989)).



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

**B. Cause Exists to Lift and Annul the Automatic Stay to Allow the Fresno Adversary Proceeding to Proceed to Trial as a Unified Whole**

Application of the relevant factors makes clear that the equities favor granting the Movants relief from the automatic stay to allow the Fresno Adversary Proceeding to proceed to trial before the Fresno Bankruptcy Court. First, the advanced stage of the lengthy litigation in the Fresno Bankruptcy Court weighs heavily in favor of lifting the stay. Where stayed litigation "has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed." *In re R.J. Groover Const., L.L.C.*, 411 B.R. at 464. Here, as in *In re Tricare Rehabilitation Systems, Inc.*, "significant preparation [for trial] has already occurred," which weighs in favor of granting relief from stay. 181 B.R. at 575. The Fresno Adversary Proceeding was filed on November 17, 2017. Fact discovery has closed. The parties have filed lengthy pretrial statements, and a continued pretrial conference is pending hearing on April 22, 2021. The Fresno Bankruptcy Court is expected to be holding two weeks in August 2021 for the trial. [Declaration of Lori Eropkin, at ¶¶ 18-23; RJN, Exh. 17 (transcript of March 11, 2021 pretrial conference).] Therefore, the litigation has progressed to trial-readiness, and the parties' investment of resources in trial preparation would be wasted if the trial were deferred.

Second, allowing the trial to proceed in the Fresno Bankruptcy Court will avoid a waste of judicial resources. The Fresno Bankruptcy Court has stated "[t]he facts are complex" in the Fresno Adversary Proceeding. During its over three years with the case, the Fresno Bankruptcy Court has ruled on five motions to dismiss and cross-motions for summary judgment. [Declaration of Lori Eropkin, at ¶ 17.] The Fresno Bankruptcy Court is not only familiar with the complex facts of the Fresno Adversary Proceeding, it is also well familiar with the claims, Counterclaims, the parties, and their behavior before the Fresno Bankruptcy Court. In fact, the central focus on Sallyport's Counterclaims is Hellenic's breach of the parties' February 2017

8

Intercreditor Agreement. Many of the acts in breach of the February 2017 Intercreditor Agreement occurred in the record of proceedings before the Fresno Bankruptcy Court itself. [RJN, Exh. "6" (Sallyport's Counterclaim at pp. 25-28, ¶¶ 23-36) (describing acts in the record of proceedings of the Don Rose Oil bankruptcy that constituted breaches of the intercreditor agreement).]

Third, the great bulk of the third-party witnesses that both Hellenic and Movants have identified for trial are in California.  It would be unduly burdensome to require these witnesses, as well as the parties, to travel across the country for trial in Florida.  [RJN, Exhs. 12, 13, and 14 (the pretrial statements); Declaration of Lori Eropkin, at ¶¶ 18-23.]

Fourth, Movants are likely to succeed on the merits in the Fresno Adversary Proceeding. As set forth more fully in their pretrial statement, Movants maintain that Hellenic's Declaratory Relief claim fails for a number of reasons, including:  (i) that the barite mining claims that are the subject of Hellenic's alleged $3 million interest have been abandoned, forfeited, and no longer exist by operation of law and (ii) that Hellenic's purported interest in the barite mining claims, as real estate, was never enforceable under the statute of frauds, any exception thereto, or California's recording statutes. [RJN, Exhs. "13" and "14" (pretrial statements of Sallyport and DRO Barite summarizing defenses to Hellenic's claim as to the barite).]  On December 30, 2020, the Fresno Bankruptcy Court granted partial summary judgment to Movants, as to a number of material facts supporting their claims and defenses in the litigation. [RJN, Exh. "10" (order granting partial summary judgment to Movants).]

Finally, Movants Sallyport and DRO Barite face substantial expense, delay, and prejudice if they must restart litigation in this factually complicated action in a new forum. By contrast, any conduct of the defense by Alleged Debtor in the Fresno Adversary Proceeding will not



**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

impose any greater of a financial burden on the Alleged Debtor or its estate, there, than it would

incur in defending such Counterclaims in the instant proceeding.  The litigation, now in

advanced stages and with anticipated trial dates in August 2021, should be allowed to proceed

where it lies, as a unified whole, as to all parties. *In re Murray Industries, Inc.* (Bankr. M.D. Fla.

1990) 121 B.R. 635, 637 (finding cause to lift the stay considering the likely waste of judicial

resources and hardship that would occur in movants' having to restart litigation that was pending

over two years before petition date).

## IV.    CONCLUSION

Movants request the opportunity to proceed to trial on the Counterclaims and conclude

the litigation in the forum where Hellenic, Kechagias, and the entities under his control started

this lengthy dispute. The automatic stay should not shield Hellenic from facing judgment in a

sister bankruptcy court, especially one that has been the forum for much of Hellenic's

complained of conduct.

Dated:  April 8, 2021

Respectfully Submitted,

AGENTIS PLLC
***Co-Counsel for Sallyport Commercial***
***Finance, LLC and DRO Barite LLC***
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By:      */s/ Robert P. Charbonneau*
          Robert P. Charbonneau
          Florida Bar No: 968234
          rpc@agentislaw.com

10

