UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

HELLENIC PETROLEUM, LLC,                                Case No. 21-12317-EPK

    Alleged Debtor.                                               Chapter 7

_____/

### *EXPEDITED* MOTION TO OBTAIN POST-PETITION FUNDING

*** Expedited Hearing Requested ***

**Hellenic requires an immediate infusion of capital in order to preserve its business as a going concern. In light of this dynamic, Hellenic respectfully requests that this matter be scheduled for hearing on or before June 30, 2021.**

Alleged Debtor, Hellenic Petroleum, LLC ("Hellenic") files this *Expedited Motion to Obtain Post-Petition Funding* (the "DIP Motion"). In support, Hellenic states as follows:

### BACKGROUND

1.    On March 10, 2021 (the "Petition Date"), Pro Petroleum, LLC filed an involuntary petition against Hellenic under chapter 7 of the Bankruptcy Code. Hellenic is contesting the petition and an order for relief has not been entered.

2.    Hellenic is a Florida limited liability company engaged in the fuel industry. Its business practices include: (a) buying and selling fuel, whether diesel, renewable or biodiesel marine, (b) storing and transporting fuel, and (c) delivering fuel to truck stops and gas stations.

3.    The Debtor's principal is an individual named Panagiotis "Pete" Kechagias ("Mr. Kechagias").

{2387/000/00524823}

1

4. Hellenic's principal, Mr. Kechagias, has agreed to finance a cash infusion necessary to stabilize Hellenic's business, improve its financial performance, and preserve its going concern value.

5. Specifically, Mr. Kechagias agrees to provide Hellenic with an unsecured loan in the amount of $500,000.00, with interest fixed at the current prime rate of 3.25% per annum, which shall mature and become due in full upon the earlier of one year following entry of an order authorizing Hellenic to obtain the Loan on a final basis (the "Loan"). The Loan shall be allowed asn an administrative expense against Hellenic's estate under section 503(b)(1) of the Bankruptcy Code. The Loan shall not be secured by a lien on any of Hellenic's assets. Nor shall the Loan be entitled to super-priority over other administrative claims, if any.

6. Pursuant to section 364(b) of the Bankruptcy Code, upon notice and a hearing, the Court may authorize Hellenic to obtain unsecured credit or to incur unsecured credit other than in the ordinary course of business with such credit allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code. "The standards for authorizing a [debtor in possession] to incur debt under section 364(b) so that it is allowable as an expense of administration under section 503(b)(1) are found in the latter section. Other than certain taxes and tax-related debt . . . only the 'actual, necessary costs and expenses of preserving the estate' are allowable as administrative expenses. An order granting pursuant to section 364(b) must be supported by such a finding." *In re Club Dev. & Mgmt. Corp.*, 27 B.R. 610, 611-12 (9th Cir. B.A.P. 1982) (citations omitted). Provided that an agreement to obtain credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance with its reasonable business judgment. *See In re YL W. 87th Holdings I LLC*, 423

B.R. 421, 441 (Bankr. S.D.N.Y. 2010) ("Courts have generally deferred to a debtor's business judgment in granting section 364 financing.").

7. As explained during prior hearings in this case, Hellenic requires an immediate cash infusion in order to purchase fuel as suppliers are not prepared presently to do business with Hellenic on credit. Hellenic submits that obtaining the Loan is a reasonable exercise of its business judgment and is an actual, necessary cost of preserving the bankruptcy estate. The cash infusion will permit Hellenic to purchase fuel for resale and stabilize Hellenic's business, improve its financial performance, and preserve its going concern value. Accordingly, Hellenic's ability to obtain the Loan is necessary to Hellenic's immediate business operations and to avoid immediate and irreparable harm to its estate.

**INTERIM RELIEF**

8. Fed. R. Bankr. P. 4001(c)(2) requires 14-days' notice of a final hearing to consider all requests to obtain credit. Hellenic respectfully requests that the Court consider approval of the Loan on an interim basis pending a final hearing thereon.

[Remainder of Page Intentionally Left Blank]

{2387/000/00524823}

## CONCLUSION

**WHEREFORE,** Hellenic respectfully requests that the Court enter an Order: (i) authorizing Hellenic to obtain post-petition funding from Hellenic's principal, Mr. Kechagias, pursuant to the terms of the Loan; (ii) authorizing the Loan to be an unsecured administrative expense under section 503(b)(1) of the Bankruptcy Code; and (iii) granting Hellenic such further relief as the Court deems appropriate and just.

Respectfully Submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Proposed Attorneys for Hellenic
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law

By: */s/ Bradley S. Shraiberg*
    Bradley S. Shraiberg
    Florida Bar No. 121622

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service on June 23, 2021.

By: */s/ Bradley S. Shraiberg*