

**ORDERED in the Southern District of Florida on September 29, 2021.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

**HELLENIC PETROLEUM, LLC,**              Case No. 21-12317-EPK

**Alleged Debtor.**                         Chapter 7 (Involuntary)
_____/

### ORDER AUTHORIZING UNITED STATES MARSHALS SERVICE TO ASSIST IN SEIZURE OF ASSETS

**THIS MATTER** came before the Court for continued hearing on September 22, 2021, upon the *Expedited Motion to Hold Alberto Transport, Inc. in Contempt for Violation of the Automatic Stay* (the "Motion"), filed by alleged debtor Hellenic Petroleum, LLC ("Hellenic"). ECF No. 105. Through the Motion, Hellenic alleges that Alberto Transport, Inc. ("Alberto") willfully violated the automatic stay codified at 11 U.S.C. § 362(a) by, *inter alia*, seizing the following assets (together "the Assets"):

- A 2011 Freightliner truck, VIN A8580,
- A 2015 Mack truck, VIN 43912,
- A 2015 Mack truck, VIN 44926,
- A 2015 Mack truck, VIN 49407,
- A 2015 Mack truck, VIN 44924,
- A 2015 Mack truck, VIN 49406,

- Four 4" hoses,
- Two 3" hoses,
- Seven 3" to 4" adapters,
- Two 4" down spouts,
- Four 3" down spouts, and
- Four caps.

The Court conducted a preliminary hearing on the Motion on August 11, 2021. The Motion and notice of hearing were served on Alberto by First Class U.S. Mail, Federal Express, email, and via a process server. ECF Nos. 107, 112 and 113. Alberto did not appear at the hearing. At the conclusion of the hearing, and having considered the Motion and evidence presented, including the testimony of Panagiotis Kechagias, the Court: (a) concluded that Alberto Transport willfully violated the automatic stay, (b) directed Alberto Transport to return the Assets to Hellenic within seven (7) days, and (c) scheduled a further hearing for Alberto to show cause why it should not be held in contempt. ECF No. 115. The Court specifically directed Alberto to appear at the hearing. *Id.*

The Court held the show cause hearing on September 22, 2021. Alberto was served with the order scheduling the hearing by First Class U.S. Mail, Federal Express, email, and via a process server. ECF Nos. 116 and 119. Based on the representation of counsel for Hellenic, the Court finds that the principal of Alberto, an individual named Nick Alberto, contacted counsel for Hellenic between the hearings on August 11 and September 22, 2021, was advised of the show cause hearing, and refused to return the Assets. Alberto did not appear at the September 22, 2021 show cause hearing, or otherwise offer any argument or evidence why it should not be held in contempt.

The Court previously concluded that Alberto willfully violated the automatic stay. ECF No. 115. The Court possesses both the inherent authority, and statutory authority under 11 U.S.C. § 105(a), to remedy stay violations by, *inter alia,* awarding civil and punitive sanctions and holding parties in contempt. *See generally In re WVF Acquisition, LLC*, 420 B.R. 902 (Bankr. S.D. Fla. 2009). The Court directed Alberto to return the Assets and also directed

Alberto to appear at the show cause hearing. Alberto has not complied with either directive.

For the foregoing reasons and the reasons stated on the record, it is **ORDERED AND ADJUDGED** as follows:

1. The United States Marshals Service is authorized, at Hellenic's request, to aid Hellenic in recovering the Assets. The United States Marshals Service is authorized to use any and all reasonable force deemed necessary to enter the premises of Alberto Transport, Inc., or other locations where the Assets may be found, without regard to whether any occupant of any premises answers the door or otherwise responds to a request for entry. This includes, without limitation, the premises located at 11544 Snow Road, Bakersfield, California 93314.

2. If any damage results to any person or property as a result of the actions of the United States Marshals Service pursuant to this order, the United States Marshals Service shall not be held liable.

3. Hellenic shall bear the costs incurred by the United States Marshals Service in carrying out this order.

###

Copies to:
Bradley Shraiberg, Esq.

*Bradley Shraiberg, Esq., is directed to serve a conformed copy of this Order to all interested parties immediately upon receipt and shall file a certificate of service with the Clerk.*